70 F.3d 638
 315 U.S.App.D.C. 77
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Marvin K. HAMMON, et al., Appellants,
v.
Marion S. BARRY, Jr., et al., Appellees.
 Nos. 94-7147, 94-7185.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 29, 1995.
 
 Appeals from the United States District Court, for the District of Columbia (No. 84cv00903); Charles R. Richey, District Judge.
 Before: EDWARDS, Chief Judge, SENTELLE and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on appeal from several orders of the United States District Court for the District of Columbia, and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated in the accompanying memorandum it is
 
 
 2
 ORDERED and ADJUDGED that the orders of the District Court be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 In these consolidated cases, appellants challenge the district court's 1994 orders directing the final disbursement of the settlement fund (No. 94-7147) and entering satisfaction of the judgment (No. 94-7185). For the reasons stated below, we reject appellants' arguments and affirm the district court's orders.
 
 
 5
 Appellants' central contention is that the district court's appointment of a special master in 1990 and its several subsequent renewals of that appointment violated Federal Rule of Civil Procedure 53, and that therefore all orders based on the reports and recommendations of the special master over a four year period should be reversed. The record indicates, however, that each of the three parties, including appellants, agreed to pay one-third of the special master's fee before the initial reference, thereby providing their consent to the initial reference. Furthermore, all of the parties implicitly consented to the extension of the reference by signing the settlement agreement of August 20, 1990; that agreement clearly contemplated additional duties for the special master. Therefore, the district court's appointment of the special master and renewals of that appointment were proper.
 
 
 6
 Appellants make several other arguments, all of which we reject. First, appellants contend that the settlement agreement required that a more detailed decree be signed by the parties and that because no subsequent decree was ever signed by all of the parties, the settlement agreement itself is invalid. Nowhere, however, does the signed settlement agreement indicate that its validity is contingent on the signing of a subsequent consent decree. Indeed, the agreement specifically refers to a "decree" not to a "consent decree," and a decree was in fact entered on November 6, 1990, less than four months after the settlement agreement.
 
 
 7
 Second, at oral argument, appellants contended that there were disparities between the decree and the settlement agreement with regard to the 1986 Stipulation and Order Regarding Development of Promotional Procedures. However, since the decree is a final Order, see Hammon v. Barry, 752 F.Supp. 1087, 1102 (D.D.C.1990), any challenge to it is time-barred as not having been appealed within 30 days. See, e.g., Gardner v. A.H. Robins Co., Inc., 747 F.2d 1180, 1186-87 (8th Cir.1984) (district court's alteration of settlement agreement was appealable Order where alteration "attached a material condition to the judgments of dismissal ... so that the dismissals qualify as involuntary adverse judgments").
 
 
 8
 Third, appellants argue that the district court judge failed to set the special master's fee in advance. While the district court judge may have erred by not doing so, see Rule 53(a), appellants made no contemporaneous objection, thereby waiving their right to a subsequent appeal on this issue. Moreover, the district court specifically found that the special master's fees were "fair and reasonable and accurately reflect[ed] the value of services and expenses duly rendered," Hammon v. Barry, Civ. No. 84-0903, Order (D.D.C. Mar. 31, 1992), at 2, and appellants have made no showing that the fees were unreasonable.
 
 
 9
 Lastly, appellants argue that the district court abused its discretion by referring to the special master an interim attorneys' fees motion that had been pending for three years, and by then accepting the special master's ruling on that motion. Appellants did not appeal the November 6, 1990 order adopting the special master's division of that interim attorneys' fees award, but did appeal the August 30, 1993 order disbursing those fees. No. 93-7232. This Court dismissed that appeal for want of prosecution. Hammon v. Kelly, 1994 WL 549611 (D.C.Cir. Sep. 15, 1994). Thus, appellants are foreclosed from appealing the merits of their entitlement to those fees.